UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE I, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>EDWIN CHAPARRO,<br><br>　　　　　　　Defendant. | Civil Action No. 25-13961 (ZNQ) (RLS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Plaintiffs Jane Doe I and Jane Doe II (collectively, "Plaintiffs") to proceed pseudonymously (the "Motion"). (Doc. No. 7). While Defendant Edwin Chaparro ("Defendant") has appeared *pro se*, he has not filed an opposition to the Motion.[1] (*See* Doc. No. 8). The Court has fully considered Plaintiffs' written submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court **GRANTS** Plaintiffs' Motion to proceed pseudonymously.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This action arises from Plaintiffs' allegations that Defendant sexually assaulted them when they were approximately eight years old. (Doc. No. 1 at ¶¶ 5-6). Plaintiffs allege that, in or around July 3, 2002, Defendant pled guilty to two counts of second-degree sexual assault and received a prison sentence. (Doc. No. 1 at ¶ 9). Defendant has since been released from prison. (Doc. No.

---

[1] After appearing *pro se*, Defendant filed an informal motion to dismiss the Complaint, to which Plaintiffs replied. (Doc. Nos. 12, 15).

1

1 at ¶ 10). On July 31, 2025, Plaintiffs initiated this action, identifying themselves using the pseudonyms "Jane Doe I" and "Jane Doe II." (Doc. No. 1 at ¶¶ 1-2). They assert seven claims against Defendant including sexual abuse, battery, assault, intentional infliction of emotional distress, negligence or gross negligence, negligent infliction of emotional distress, and punitive damages. (Doc. No. 1 at ¶¶ 18-64).

Through the present Motion, Plaintiffs seek to proceed anonymously. (*See* Doc. No. 7). Plaintiffs rely upon the factors set forth in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), contending they support granting their Motion. (*See* Doc. No. 7 at pp. 9-15). In support of the Motion, Plaintiffs submit their respective Certifications. (*See* Doc. Nos. 7-2 and 7-3). Plaintiffs both certify that they have maintained their identity confidential, with very limited exceptions, due to the sensitive nature of the allegations and the trauma that resulted. (*See* Doc. Nos. 7-2 and 7-3). More specifically, Jane Doe I avers that she wishes to proceed pseudonymously for multiple reasons, including a need to minimize further harm to her mental health. (*See* Doc. No. 7-2 at ¶¶ 2-4). She explains that she rarely discusses the alleged traumatic events, and reminders of the abuse trigger many symptoms including anguish, anxiety, and misplaced guilt related to post-traumatic stress disorder ("PTSD"). (Doc. No. 7-2 at ¶ 3). She further certifies that she fears shame, embarrassment, and differential treatment from coworkers if they knew of her involvement in this litigation. (Doc. No. 7-2 at ¶ 7). Furthermore, she adds that publicity associated with this case would undermine her recovery efforts. (*See* Doc. No. 7-2 at ¶ 8).

Similarly, Jane Doe II certifies as to her consistent efforts to maintain the confidentiality of her identity. (*See* Doc. No. 7-3 at ¶ 5). She avers that she generally avoids discussing the allegations, and recalling the events trigger several PTSD-related reactions, including anxiety, fear, misplaced guilt, and prior suicidal thoughts. (*See* Doc. No. 7-3 at ¶¶ 4-6, 9). She further explains

2

that, because she works as a social worker, she fears reputational harm, such as shame, embarrassment, differential treatment, and potential harassment if her identity became public through this litigation. (Doc. No. 7-3 at ¶¶ 7-8). She also asserts that publicity surrounding this litigation would be triggering and hinder her recovery. (Doc. No. 7-3 at ¶ 10).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure require the identification of all parties in a pleading to facilitate the public's right to access judicial proceedings. Fed. R. Civ. P. 10(a); *Megless*, 654 F.3d at 408; *see also Doe v. Coll. of New Jersey*, 997 F.3d 489, 494 (3d Cir. 2021); *Doe v. Shao*, No. 24-9972, 2025 WL 942929, at *2 (D.N.J. Mar. 28, 2025); *Doe v. Hillsborough Twp. Bd. of Educ.*, No. 23-22597, 2024 WL 4028293, at *4 (D.N.J. Aug. 30, 2024). Nonetheless, courts create an exception to permit a litigant to proceed anonymously upon a showing that: (1) there is a fear of severe harm from public disclosure of his or her name; and (2) the fear of severe harm is reasonable. *Megless*, 654 F.3d at 408.

Courts must then weigh the reasonable fear of severe harm with the public's interest in open judicial proceedings. To do so, the Third Circuit has endorsed consideration of the non-exhaustive factors set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997). *Megless*, 654 F.3d at 409-10. Factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Provident Life*, 176 F.R.D. at 467-68) (internal quotation marks omitted).

Factors that disfavor granting anonymity include:

3

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*. (quoting *Provident Life*, 176 F.R.D. at 467-68 (internal quotation marks omitted)). Courts also consider other factors implicated by the specific case. *See id.* Based on these factors, courts in this Circuit have permitted victims of sexual assault to proceed under pseudonyms. *See, e.g.*, *Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019); *see also Doe v. Lyft, Inc.*, No. 23-3990, 2023 WL 8702729, at *2 (E.D. Pa. Dec. 15, 2023). Ultimately, the Court exercises its discretion in determining whether to permit a plaintiff to proceed under a pseudonym. *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014).

### III.  DISCUSSION

#### A.  Reasonable Fear of Severe Harm

Before turning to the *Megless* factors, the Court first considers whether Plaintiffs have articulated a reasonable fear of severe harm that would result from public disclosure of their names. *See in re Allergan BIOCELL Textured Breast Implant Prod. Liab. Litig.*, No. 19-2921, 2020 WL 4745558, at *2 (D.N.J. Aug. 17, 2020) (declining to address *Megless* factors where court found the plaintiffs did not articulate a severe harm).

Jane Doe I articulates that, if her identity were to be disclosed, she would suffer "triggering events that would serve to derail" her recovery from the trauma of being sexually assaulted. (Doc. No. 7-2 at ¶ 8). She explains that she avoids discussing the events "because reliving them is extremely painful[]" and reminders "trigger numerous symptoms that include anguish, anxiety and feelings of misplaced guilt that are all related to PTSD from the trauma." (Doc. No. 7-2 at ¶¶ 3, 7). Jane Doe I also certifies that she fears her co-workers discovering the sensitive trauma she

4

experienced, as it would cause her to feel ashamed and/or embarrassed and treated differently. (Doc. No. 7-2 at ¶ 6).

Similarly, Jane Doe II avers that she continues counseling for the events at issue in this matter and reminders "serve as a trigger for a variety of PTSD related symptoms, including anxiety, fear, misplaced guilt and previous thoughts of suicide." (Doc. No. 7-3 at ¶¶ 3-4). She states that she keeps her identity confidential to limit any "risk of further compromising [her] mental health" and limits discussion of the events because "reliving them is extremely painful." (Doc. No. 7-3 at ¶¶ 5, 9). Jane Doe II expresses that public disclosure of her identity would hinder her efforts to recover from the trauma she experienced. (Doc. No. 7-3 at ¶ 10). Furthermore, she certifies that she is a licensed social worker and fears that public disclosure of her identity would cause her to feel "ashamed, embarrassed, treated differently and/or harassed[.]" (Doc. No. 7-3 at ¶ 8).

Plaintiffs must show that these fears, reasonably held, of severe harm go beyond "embarrassment or economic harm[.]" *Megless*, 654 F.3d at 408. Plaintiffs have done so. They have articulated, through sworn Certifications, that public disclosure would cause them severe harm to their mental health. Plaintiffs aver that their recovery from PTSD would be thwarted, causing anxiety, fear, misplaced guilt, and/or suicidal thoughts. Courts have recognized these harms to victims of sexual assault are reasonably held fears of severe harm, warranting consideration of the *Megless* factors. *See, e.g.*, *Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 WL 4750078, at *3-4 (D.N.J. Sept. 30, 2019); *Rutgers*, 2019 WL 1967021, at *3; *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Accordingly, the Court turns to consideration of the *Megless* factors.

### B. The *Megless* Factors

*Factors Weighing in Favor of Anonymity*

Under the first factor weighing in favor of anonymity, the Court examines the extent to which the litigants have maintained their anonymity. *See Strike 3 Holdings, LLC v. Doe*, No. 24-9433, 2025 WL 37614, at *3 (D.N.J. Jan. 7, 2025) (citing *Megless*, 654 F.3d at 407, 410). If the litigant's identity has not been kept confidential, this factor does not support granting a motion to proceed anonymously. *See id*. Here, Jane Doe I and Jane Doe II certify that they have taken deliberate steps to preserve their anonymity since the alleged assaults from their childhood. The record does not show either Plaintiff publicly discussing the assaults or their involvement in this litigation. They filed this action using pseudonyms and disclosed their true names and experiences only to a narrow group of individuals, including immediate family, mental health professionals, law enforcement officers, and, in Jane Doe II's case, a school counselor and religious advisor. (*See* Doc. No. 7-2 at ¶¶ 1-5; Doc. No. 7-3 at ¶¶ 1, 5-6). Notably, these individuals likely supported Plaintiffs' reporting and recovery efforts. Their consistent efforts to preserve confidentiality suggests a clear intent to avoid unwanted public exposure. By continuing to protect their identities in this legal context, the Court finds that the first factor favors proceeding under pseudonyms.

For the second factor, the Court assesses "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases[.]" *Megless*, 654 F.3d at 409. If the litigant does not have a reasonable fear of severe harm, this factor undercuts granting the Motion to proceed anonymously. *See Strike 3 Holdings, LLC*, 2025 WL 37614, at *3. Here, as discussed above, both Jane Doe I and Jane Doe II report reasonable fear of severe emotional and reputational harm if their identities enter the public domain. (*See* Doc. No. 7-2 at ¶¶ 3-4, 6, 8; Doc. No. 7-3 at ¶¶ 4-5, 8, 10). Both Plaintiffs express continued psychological distress and treatment from the

6

alleged events. (*See* Doc. No. 7-2 at ¶ 8; Doc. No. 7-3 at ¶¶ 3-4). And both Plaintiffs also aver the significant emotional and psychological impact that would result from public disclosure of their identities. (*See* Doc. No. 7-2 and 7-3).

Indeed, fear of stigma, ongoing embarrassment, and humiliation by victims of alleged sexual assault support permitting a party to proceed anonymously. *See Y.F. v. ADT, LLC*, No. 24-9012, 2025 WL 1645254, at *4 (D.N.J. June 10, 2025) (citing *Doe v. Schuylkill Cnty. Courthouse*, No. 21-477, 2022 WL 1424983, at *8 (M.D. Pa. May 5, 2022)); *Trishul*, 2019 WL4750078, at *4. The sensitivity of the subject matter at issue here, coupled with Plaintiffs' ongoing recovery efforts, support the reasonableness of their asserted fears. Thus, the Court finds that this second factor weighs in favor of Plaintiffs' anonymity.

The third factor considers whether other similarly situated individuals will avoid bringing claims that the public wants litigated if the court forces these litigants to reveal their names. *See Megless*, 654 F.3d at 410. This factor weighs in favor of Plaintiffs' use of pseudonyms. "There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Rutgers*, 2019 WL 1967021, at *3 (citing *inter alia Evans*, 202 F.R.D. at 176); *see also Trishul*, 2019 WL 4750078, at *5 ("Courts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization, and as a result, there is a strong public interest in maintaining the confidentiality of Plaintiff's identity in this suit.").

The fourth *Megless* factor considers if "there is an atypically weak public interest in knowing the litigant's identities[.]" *Megless*, 654 F.3d at 409. If a litigant raises purely legal claims, then this factor would weigh in favor of granting a motion to proceed anonymously. *See id.* at 410; *L.A. v. Hoffman*, No. 14-6895, 2015 WL 4461852, at *2 (D.N.J. July 21, 2015)

(weighing this factor in favor of anonymity where the claims asserted "a pure legal issue"). Here, Plaintiffs' claims are individualized and fact sensitive. As such, this factor does not support permitting Plaintiffs to proceed anonymously. *See Rutgers*, 2019 WL 1967021, at *3 (finding this factor inapplicable where plaintiff asserted allegations of sexual assault).

Under the fifth factor, the Court considers whether Plaintiffs would forgo their potentially valid claims to preserve anonymity. *See Megless*, 654 F.3d at 410. Here, Plaintiffs have not stated one way or the other if they will not pursue their claims if they are publicly identified. As such, the Court finds this factor weighs against granting Plaintiffs' Motion. *See Y.F.*, 2025 WL 1645254, at *7 (finding this factor did not weigh in favor of granting the motion to proceed pseudonymously where the plaintiff did not indicate that she would forgo her claims if her identity was publicly disclosed).

As to the sixth factor, the Court considers whether the litigant has ulterior motives to proceed anonymously. *See Megless*, 654 F.3d at 411. Here, there is no indication that Plaintiffs have an ulterior motive in seeking to proceed pseudonymously. Rather, Plaintiffs have offered several valid reasons in support of their request to proceed with pseudonyms.[2] Thus, the sixth factor weighs in favor of allowing Plaintiffs to proceed pseudonymously.

---

[2] Plaintiffs explained that publicity surrounding this litigation could cause physical and emotional harm, triggering symptoms like anguish, anxiety, misplaced guilt, and previous thoughts of suicide, and could derail their recovery efforts. (*See* Doc. No. 7-2 at ¶¶ 3, 8; Doc. No. 7-3 at ¶¶ 4, 10). In *Trishul Consultancy, LLC*, the court held that the sixth factor favored allowing the plaintiff to proceed anonymously because she provided several valid reasons supporting her motion. *See* 2019 WL 4750078, at *5. Her reasons—including, *inter alia*, a desire to protect her physical, mental, and emotional well-being, *id*. at *2—closely resemble the reasons Plaintiffs provide in this Motion.

### *Factors Weighing Against Anonymity*

In considering the first factor weighing against anonymity, the Court examines whether the public has a strong, general interest in knowing the litigants' identities, which would disfavor permitting anonymity. *See Megless*, 654 F.3d at 409. Indeed, there "is the universal interest in favor of open judicial proceedings." *Id.* at 411. However, the public also "has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Here, the public holds minimal interest in learning Plaintiffs' identities. Plaintiffs' claims involve sensitive and private matters relating to alleged sexual assault. (*See* Doc. No. 1 at ¶ 6). Accordingly, disclosing Plaintiffs' identities would provide little value to the public's understanding of the issues in this matter.

Moreover, sexual assault victims are members of a vulnerable class worthy of protection. *Doe v. Princeton Univ.*, No. 20-4352, 2020 WL 3962268, at *3 (D.N.J. July 13, 2020). "When litigation involves a member of a particularly vulnerable class or the subject matter is highly personal, the public has an interest in protecting the identity of the litigant." *Rutgers*, 2019 WL 1967021, at *4 (internal quotation marks and citation omitted); *see also Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *5 (D.N.J. Aug. 7, 2018); *Trishul*, 2019 WL 4750078, at *5. Because of the nature of the allegations, disclosing Plaintiffs' identities would undermine the public interest in protecting vulnerable individuals involved in highly personal matters. *See Y.F.*, 2025 WL 1645254, at *4 (granting sexual assault victim's request to proceed pseudonymously); *Trishul*, 2019 WL 4750078, at *4 (same); *Rider Univ.*, 2018 WL 3756950, at *1 (same); *Evans*, 202 F.R.D. at 176 ("[A]lthough the public certainly has an interest in the *issues* Mary Doe's complaint raises, protecting her identity will not impede the public's ability to follow the

proceedings."). Indeed, the limited public benefit from disclosure do not outweigh the harms Plaintiffs' assert. Thus, this factor weighs in favor of granting their Motion.

As to the second factor, the Court considers whether the subject matter or the litigant's public status creates "a particularly strong interest in knowing the litigant's identities," beyond the ordinary public interest. *Megless*, 654 F.3d at 409. In other words, "does the subject of the litigation heighten the public's interest?" *Id.* at 411. Here, the public likely has little need or interest in learning the identity of Plaintiffs who are non-public figures. *See Y.F.*, 2025 WL 1645254, at *6; *Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 341 (E.D. Pa. 2021) ("Plaintiff is not a public figure, which decreases the public's interest in knowing Plaintiff's identity, and Defendants do not oppose Plaintiff's desire to proceed under a pseudonym."). As attested to in their respective sworn statements, Jane Doe I and Jane Doe II maintain private lives and lack public influence or fame, which reduces any public interest in knowing their identities. Because there is no "particularly strong interest" in knowing the Plaintiffs' identities, this factor weighs in favor of granting Plaintiffs' Motion.

Finally, under the third factor, the Court looks to whether counsel, the public, or the press have an illegitimate motive for opposing plaintiff's use of a pseudonym. *See Megless*, 654 F.3d at 409. Here, no opposition to Plaintiffs' Motion has been filed. As such, this factor is inapplicable.

Considering the weight of these factors in totality, the Court finds that the balance leans heavily in favor of granting Plaintiffs leave to proceed pseudonymously in this matter. Indeed, this matter involves sensitive topics in which the public lacks any heightened interest, thereby outweighing the presumption of fully open judicial proceedings.

IV.     **CONCLUSION**

Therefore, for the reasons set forth above, the Court finds Plaintiffs shall proceed pseudonymously. Accordingly, for good cause shown,

**IT IS** on this **22d** day of **December 2025** hereby

**ORDERED** that Plaintiffs' Motion to Proceed Pseudonymously (Doc. No. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs will be referred to as "Jane Doe I" and "Jane Doe II" respectively in all depositions, pleadings, and other documents concerning this litigation, and that Plaintiffs shall be permitted to endorse documents concerning this litigation under the pseudonym "Jane Doe I" and "Jane Doe II," respectively; and it is further

**ORDERED** that all parties, counsel, witnesses, and court personnel shall refer to Plaintiffs using their pseudonyms "Jane Doe I" and "Jane Doe II" in all proceedings conducted before the Court. Defendant is prohibited from filing or submitting any documents to the Court that contain references to Plaintiffs' legal names without specific order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 7.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**